Slack *v.* John.

CORNELIA A. SLACK

*v.*

AUGUSTUS F. JOHN.

[Filed February 4th, 1902.]

1. A mortgage was made, delivered and recorded for present value passed. In a suit begun two years after, to which the mortgagee was not a party, the mortgagor was decreed to have obtained the title to the mortgaged premises by fraud and undue influence.—*Held*, the decree in the suit to which the mortgagee was not a party is of no binding effect against her, and is ineffectual as a defence to her suit to foreclose the mortgage.

2. The title of the party who recovered the mortgaged premises by setting aside the deed fraudulently obtained by the mortgagor, is not adverse and hostile to the mortgagee. Her vested rights are in no way affected by a subsequent suit in which she is not joined as a party.

On bill, answer and proofs.

The bill of complaint in this cause is filed to foreclose a mortgage made by Augustus F. John to Cornelia E. Slack, the complainant, to secure the payment of $500, with interest, upon a lot of land at the southeast corner of Mechanic and Third streets, in the city of Camden, the title to which is stated in the bill of complaint to have vested in the mortgagor, Augustus F. John, by a deed made to him by Annie Burns, dated March 29th, 1897.

The mortgage is dated the 1st day of July, 1897, and was recorded in Camden county register of deeds office on the day of its date.

The contest in this cause arises upon the dispute between the complainant and the defendant Bernard Holland. The bill of complaint alleges that Holland filed a *lis pendens* notice in Camden county register's office, on the 15th day of March, 1899, which set forth that he (Holland) was complainant in a suit pending in the court of chancery of New Jersey, wherein Augus-

tus F. John (the mortgagor) was defendant, and that the general object of that suit was to set aside three conveyances made by Annie Burns to Augustus F. John and to have the same declared fraudulent and void. The complainant in this suit alleges that one of the tracts described in that *lis pendens* notice is the mortgaged premises in this foreclosure suit, and she charges that the notice of *lis pendens* was filed subsequently to the recording of complainant's mortgage, herein sought to be foreclosed, and that any interest or estate in or lien on the mortgaged premises, which Holland has, or can recover by that suit, is subject to the lien of the complainant's mortgage herein sought to be foreclosed, and she prays for foreclosure and sale of the mortgaged premises.

The defendant Holland files his answer in support of his claim under the suit referred to in the *lis pendens* notice. He admits the execution and delivery of the mortgage set out in the bill that the interest came to be due and is unpaid and that the principal sum is also due. He admits that he filed a *lis pendens* notice referred to in the complainant's bill and that the object of the suit in this court mentioned in the *lis pendens* notice, wherein he (Holland) is complainant, was to set aside and have declared void a deed for the mortgaged premises made by Annie Burns in her lifetime to Augustus F. John, which deed is dated March 29th, 1897, and he alleges that such proceedings were had in that cause that on the 6th day of June, 1899, a final decree was entered therein, according said deed to be null and void. The defendant Holland thereupon avers that by reason of the premises, the said Augustus F. John was not the owner of said mortgaged premises on July 1st, 1897, the time when he made and executed the complainant's indenture of mortgage, and had no right to mortgage said premises, and that as against him (Holland) the complainant's mortgage is void, and not a lien upon the mortgaged premises.

The cause has come to hearing on issue joined.

*Mr. John Meirs,* for the complainant.

*Mr. John F. Harned,* for the defendant.

GREY, V. C.

The sole matter here in dispute is the claim of the defendant Holland that he has, in another suit, obtained a decree of this court that the deed from Annie Burns to the mortgagor, Augustus F. John, conveying the mortgaged premises, was void because obtained to be made by undue influence exercised by John over the grantor, Annie Burns. *Holland* v. *John, 15 Dick. Ch. Rep. 435.* Because of this decree Holland claims that John, the mortgagor, was not the owner of the mortgaged premises when he executed the complainant's mortgage, and that the complainant's mortgage is therefore a nullity. The defendant Holland further insists that he claims by a title which is hostile and adverse to the complainant's mortgage, and that such an issue cannot be tried in a foreclosure suit, and he contends he must be dismissed in this suit, with costs, under the rulings in *Wilkins* v. *Kirkbride, 12 C. E. Gr. 93,* and cases there cited.

The settlement of this claim of the defendant Holland involves an inquiry into the title to the mortgaged premises which John, the mortgagor, held at the time he made the mortgage, and into the effect of the suit of Holland upon that title. The premises were conveyed by Annie Burns to John by deed dated March 29th, 1897. The mortgage was made by him to the complainant on July 1st, 1897, and was recorded the same day. At the latter date there was nothing on the face of the record of the title which in any way warned the complainant that John's title to the mortgaged premises was impeachable. Nothing is alleged charging that the complainant participated in any acts of undue influence whereby Annie Burns was induced to convey the title to John, the mortgagor, nor is it charged or contended that the complainant, when she took her mortgage from John, had any notice of any undue influence or of any fraudulent acts on John's part whereby he obtained the title. Nor is there any dispute that the complainant mortgagee did in fact pay the mortgage money ($500) to the mortgagor, John. It is admitted to be still owing with interest.

There is in fact no issue raised by the pleadings in this suit, challenging the validity of the complainant's mortgage because its acceptance was a part of any scheme of undue influence. All

that is charged is that in the previous suit between the present defendant Holland and the mortgagor, John, a decree has been made declaring the deed whereby John received title to be void, because obtained by undue influence exerted by him over Annie Burns, the previous holder of the title. No proof has been offered here to show that there was any such undue influence exerted, or to indicate that the complainant participated in it or knew of it.

The defendant Holland relies wholly on the decree in the previous case of *Holland* v. *John,* as conclusively establishing the total nullity of John's holding of title to the mortgaged premises, not only in favor of his claim as heir-at-law of Annie Burns, the unduly influenced grantor, but that the deed to Burns so obtained, is by that decree made void *ab initio,* and that all John's acts as owner of the property, and especially his mortgage to Mrs. Slack, are by the same decree made null and void.

The decision of this cause must therefore depend upon the effect of the decree in the above-cited case of *Holland* v. *John* upon the complainant as the holder of her mortgage.

Mrs. Slack's mortgage was received by her and recorded on July 1st, 1897. The suit of *Holland* v. *John* was begun in March, 1899, nearly two years afterwards. That suit was between Holland as complainant and John as defendant. Mrs. Slack was not made a party. It determined, as between Holland and John, that the deed whereby John received the title to the mortgaged premises was obtained by undue influence exerted by John over Annie Burns, who conveyed to him. It adjudged nothing as to Mrs. Slack's rights. She never had her day in court, giving her an opportunity to deny and refute Holland's allegations of undue influence and fraud. She is in no way bound by the determination in that suit. This is plainly apparent as an essential principle in the administration of justice, and has been declared by the highest authority. *Haughwout* v. *Murphy, 7 C. E. Gr. 531 (Court of Appeals).*

In the absence of any force in the proceedings and decree in *Holland* v. *John* to affect Mrs. Slack's mortgage, there is nothing in the pleadings or proofs here submitted on the part of the defendant which offers any defence to this suit for the foreclosure

of that mortgage. Every element of the defence is dependent upon the claim that Mrs. Slack's mortgage is a nullity because of the decree against her mortgagor, John. That decree bound Mr. John but not Mrs. Slack. As against her there has been no determination that the deed from Annie Burns to John was obtained by undue influence. As to Mrs., Slack that deed must in this suit stand unimpeached. John, for the purpose of this suit, had the right to make Mrs. Slack's mortgage.

The claim that Holland's title is hostile to the mortgage is controlled by the same circumstances and need not be considered.

The interesting question of the position of a *bona fide* mortgagee for value presently passed, who innocently takes a mortgage from a mortgagor, who has obtained title by a fraud, is not presented in this case. The only attempt to show fraud or undue influence is the presentation of the proceedings and decree referred to, which, as above shown, are in no way binding on Mrs. Slack, who was not a party to them.

A decree will be advised in accordance with the views above expressed.